Oral argument not to exceed 15 minutes per side. Ms. Welch, you may proceed for the appellant. Good morning. Good morning. May it please the court, Sarah Welch for the appellant, Dayrell Winters. I'd like to reserve four minutes for rebuttal. Great. In this case, Mr. Winters couldn't file a notice of appeal on time because the appeal period expired before he received his appeal. He received notice that there was an order to appeal. In that rare circumstance, Rule 4A.6 allows district courts to reopen the appeal period on a motion. The question in this case is whether Mr. Winters properly used that mechanism. He did, based on two key points. First, there was no abuse of discretion in construing the pro se June 1st filing as a Rule 4A.6 motion and granting the motion. The filing explained the basis for relief, even if it didn't specifically cite Rule 4A.6. Second, there's no notice of appeal problem. The June 1st filing properly served double duty as both a motion and a notice of appeal. And it ripened when the appeal period reopened. Well, the notice didn't actually ask for relief, did it? That's right, Your Honor. It didn't expressly make a request of the district court. It didn't expressly cite Rule 4A.6 as the basis for that request. Is that not necessary for a motion to have a request for relief? It's not, Your Honor. The notice of appeal in Young didn't have a request for relief either, and the court said that that was sufficient for a Rule 4A.5 motion. So are we going to go to a system where we no longer have to file motions, we just file notices of appeal? No, Your Honor. A motion is still required. The would-be appellant still needs to file something that sets forth the basis for relief. It doesn't have to be captioned as a motion, though. That would go against the rules for construing pro se filings. It just needs to explain what the basis for relief is. I mean, one thing about the A-5 setting is when you say acknowledge it's late and then offer, we'll call it an excuse, which you could say this one is, you can understand why you don't need more, but the word reopen or something like that, that is a little different. Extension, reopen. And so the thing that bothers me a little bit about this is we do have lots of cases where the same document can serve two functions. I mean, a brief has served the function as a notice of appeal, so that really confirms the point. But I'm really struggling with why you can construe this as reopening. That's what I am struggling with. Sure, Your Honor. I think it's probably actually harder to make a Rule 4A-5 motion than a Rule 4A-6 motion. Because there's more boxes to check, is your point. Exactly. You need to establish. I get that point. I've thought about it. But I would say so be it. The one box, well, it's not just one. You have to acknowledge it's late. We'll circle back to the prejudice point, which I'm not too obsessed with. What I am obsessed with is the concept of reopening. That's just a very different thing. And so I get the idea that it's function, not pure form. I don't care that it's called a notice of appeal. I don't care that it doesn't even say A-6. But I guess I feel it has to, if we're going to, I don't know why it's functionally a reopening with this language is what I'm struggling with. Sure. I think it's the same situation as Rule 4A-5. And I understand that there are differences between Rule 4A-5 and Rule 4A-6. But in both situations, what's needed is to explain the basis for relief. In Rule 4A-5, you have to explain what constitutes good cause or excusable neglect about your late filing. You have to demonstrate a desire to appeal. In Rule 4A-6, you have to explain that you didn't receive the notice during the 21 days after the order was entered. And you have to demonstrate the desire to appeal. And Mr. Winters did both of those things. He said the date that he received the notice. It's not desire to appeal. That's my whole point. You have to reopen the period. Well, by that reasoning, Your Honor, Young and Reho would come out the opposite way because they didn't ask for an extension. They only asked for the ability to appeal by filing something that was a notice of appeal, was captioned as a notice of appeal. So there's no way to draw a line other than to say that it needs to set forth the basis for relief. It needs to explain what the district court would consider in ruling on Rule 4A-6. What's so problematic if I think it's easier to find the function of an extension and harder to find the function of reopening? I think that everything you need to know to rule on the Rule 4A-6 motion is included in the June 1st filing. It demonstrates the desire to appeal. He didn't know to cite Rule 4A-6, but that doesn't stop the prosecution. Why other than finding ways for your client to win would we call this A-6 rather than A-5? It looks more like an A-5 motion. Just because it was filed too late for it to be a Rule 4A-5 motion. The timing doesn't work. That's not a reason. I don't find that to be a reason. I don't think our goal here is it can be two things. No, it can be three. It can be a notice of appeal. It can be an A-5 motion. It can be an A-6 motion. Actually, in this case, you're asking for four. Because then you want it to be the notice of appeal after the district court grants the reopening. Your Honor, we think that the typical rule for construing pro se filings is to look at the substance of what it is. What is this person really asking for, whether or not they captioned it that way, whether or not they cited the right rule that would give them the basis for relief. And here, it's clear that he didn't receive notice in time. That should ring the bells for Rule 4A-6 because it's designed for exactly this situation. Whether or not he cited Rule 4A-6, whether or not he used the magic word of reopening, we just don't think that that's relevant to how you construe this motion that's clearly the exact situation that Rule 4A-6 addresses. So you initially said the same document can serve two functions. Let's forget A-5 for a second. Am I right in thinking it's really three functions today? Because it's initially, it's captioned as notice of appeal. It then becomes motion to reopen. Once motion to reopen is granted, we then call the original thing the new notice of appeal. So it's really a document with three functions. The first is too late, so it doesn't do much. The second one is very important. The third is really important. But isn't that funny to think of something serving three functions, the same document? I would say it's two functions. I think it was first a Rule 4A-6 motion and then a notice of appeal, or both at the same time, however you want to think about it. And even if it were three functions, I don't think that that's particularly unusual. I think the big bridge to cross is between each document can do only one thing and no, a document can do more than one thing. And I don't think there's any significant analytical difference between it can do two things versus it can do three. So if you win, the line will be in our A-6, A-5 jurisprudence, as long as there's something that gestures towards excuse or gestures towards, I guess what you would say counts as the reopening point is this kind of excuse. I didn't get it, right, which is really an A-5 point because you don't need excuse for A-6. But I'm trying to figure out what is left of the existing case law. That case would still be good. I'm trying to remember the name of it. Martin. Yeah, Martin would still be good in a world in which all you say is notice of appeal and not adorned with anything else. That's right. If he had said nothing else other than I would like to appeal this order entered on this date, that would not be sufficient. We don't quibble with Martin at all. We're asking for the same move with respect to Martin that the court has already made. I'm just trying to figure out what the rule will be for the poor clerk's office, now knowing that documents can have one, two, three, four potential functions. This is a hard job. I mean, only former Supreme Court clerks would be able to handle this job, I would think. I don't think that's true at all, Your Honor. I think it would be more administrable than the alternative rule of drawing a distinction between Rule 4A.5 and Rule 4A.6 that a notice of appeal with an explanation could count for Rule 4A.5 but couldn't count for Rule 4A.6. This rule is straightforward. Let me ask you, to what extent do the statements of our court and the district court in their respective opinions matter to your analysis? And I'm talking about the last statement of our last order, the last sentence, and then the district court having a statement in its order on remand that deemed the notice of appeal to be sufficient. Sure, Your Honor. Does that play into what you're saying here to make this maybe more of a fact-specific holding you're asking for as opposed to a general rule going forward for how you construe documents? We do think it's significant that the district court specifically said, went to the trouble of interpreting the June 1st filing as a Rule 4A.6 motion. We do think pro se filings are reviewed for construction purposes. Because actually, I mean, I guess what should have happened at that point is your client should have filed a new notice of appeal. But the client did have this statement from the district court saying that the earlier notice of appeal is good. That's right, Your Honor. So, I mean, what legal significance is there to that, if any, for your analysis? Sure. I think it's primarily relevant because it was clear that Mr. Winters couldn't have done anything more than he did. There was no prospective reopening for 14 days during which he could have filed a new notice of appeal even if he had wanted to. I agree that the cleanest way to do this is to have the district court rule the motion. Why is that true? The minute the district court calls in a motion to reopen, he had 14 days. I think it's probably a question for a future case what the effect would be if the district court set a shorter time limit than that. We know they can't go longer from Bowles, but we don't know whether they can go shorter and what the effect of that would be. Because we don't have that situation here. But your position is he couldn't have filed another notice of appeal. The time was already passed even when the court on remand said we're reopening at that point. I think that's likely right. I don't want to stake out too firm of a position. I'm not following you. I'm not either. When the district court exercises discretion, we'll say it's discretionary review, says this whatever June 1st thing counts as a motion to reopen, I exercise my discretion to grant it, then there were 14 days to file a notice of appeal. Typically when a district court grants a motion, they will say you now have 14 days to file a notice of appeal. That statement was lacking in the district court. I understand that, but that's what the rule says. One would know that from the rule. I don't know if this is Judge White's question, but I'm trying to figure out why your client couldn't have filed within that 14 days. Did he not get that ruling within the 14-day period or why couldn't he have done that? I see my time is up. I'm not actually sure when it arrived because that's not part of the record. But he didn't file a new notice of appeal because the district court had said it was our ruling. The because doesn't do us anything given Bowles. In other words, district court judges can say exactly the wrong thing and the U.S. Supreme Court tells us, sorry, it's jurisdictional. You don't get a stopple in this setting. I think there's a difference between granting extra time that's not allowed and basically saying it's filed. Sure, Your Honor. I may have opened a can of worms that I shouldn't have opened here, but I think what's significant in this case is that the district court did say that the notice of appeal that was previously filed on June 1st was timely. I think it's a question for a future case that may be an interesting and difficult question of what the effect would be if the district court gave less than the time that the rules allow for someone to file a new notice of appeal. This last question, which you can do in rebuttal or if you have a quick answer now, is it true that we could ignore all of this and just go to the COA, which is also jurisdictional, particularly if we denied it? In other words, the whole case goes away on this separate jurisdictional ground, that we're not granting a COA. I don't think that's right, Your Honor. I think the court would have to first have jurisdiction to consider the appeal before deciding not to grant a certificate of appealability or deciding whether to grant a certificate. Think about it. I was thinking the certificate of appealability was jurisdictional, and so it's like yesterday's mootness versus standing thing. You can do it whichever order you want. So anyway. Thank you. All right. We'll hear from the other side. Good morning. Good morning, Your Honors. May it please the Court. Assistant Attorney General Scott Shimkus appearing on behalf of Respondent. Excuse me. I'm sorry. So I think this case really comes down to two issues. The first being whether the district court was correct to construe the notice of appeal as a motion to reopen, and the second being whether a new notice was due upon reopening. And really, if the answer to either of those questions is no, if the petitioner loses on either of those issues, then this court has to dismiss for a lack of jurisdiction. I take it you would accept that the same document can serve at least two functions? I know I do. Lots of cases, including the notice of appeal setting. Right. I know I push back on that in my brief, but I think that seems fair, that one document can serve several functions. Yes, Your Honor. That proves form doesn't carry the day, at least not in full, right? Because the only way it could serve two functions is we decide to look at it functionally. Treat it as two things even though it's called one. Right. What's the functional? I mean, so I assume you would also agree that let's say there's three features to an A6 motion. It's late, you want to reopen the time, and there's no prejudice. Let's just call those three things. So would you say that something called a notice of appeal that proceeds to acknowledge it's late, say I need to reopen, and then says no one's going to be hurt by this, it's only ten more days, whatever, you would agree that functionally works, right? I think that would work, yes, if it outlines all three of those things. So is the prejudice one, one we should care about that? First of all, it's funny how A6 is written. It's not like an elements do these three things. It's someone must, and I will say, if I were district court judge, I wouldn't put much stock in someone saying no one would be prejudiced. Like I don't even, I don't know what more they could say. They're not going to have had a deposition of the government to figure out witnesses have died or something. So isn't it weird to make that a requirement? I'm trying to figure out if that should be a requirement under the functional analysis. I think given the language of the statute, or excuse me, of the rule, prejudice isn't part of the statute. It is only part of the rule. But I think I agree that the way the rule reads, that's not necessarily a pleading requirement for the motion. I think that's just something. It's more like a defense of the government, isn't it? I think that's right. Yeah. So why doesn't this one work? The word reopen isn't in it? So, Your Honor, this doesn't work because this notice of appeal in this case was more like the notice in Martin and less like the one in Young in Rio. Because all that Mr. Winter said in addition to this is a notice of appeal, and that's why I'm appealing to the Sixth Circuit from this order, is a single sentence that said petitioner received this judgment via prison legal mail and was signed on or about the 18th of May, 2021. That is all the district court got besides the liberal notice. That was his only basis. I mean, Young had a couple of bases. This was his explanation. You would agree that that shows he's acknowledged it's late, or do you think that's not enough to show he's acknowledged it's late? I think it's ambiguous, Your Honor, because it's possible that Mr. Winters received the district court order and just thought, okay, he might not be very sophisticated in the law, so he may have read the rules as, okay, it's 30 days from when I receive it. And so I've received it. It's two weeks later, so I can file my notice. I'm not saying that's the case for sure. I'm just saying it's ambiguous. I don't think we can read this singular sentence from the notice and know whether Mr. Winters knew it was late. There are so many things that district courts do in response to pro se filings, and I know we're talking about jurisdiction here, but if they can't treat this as a motion to reopen, I mean, I'm not sure, you know, you talk about the burden on staff or judges, but, like, then the district judge is going to have to think, like, second guess, because every time a pro se pleading is read as what we really know the person is saying because certain magical things weren't in there or didn't cross the line, whatever the imaginary line is. Your Honor, I think it's not a matter of magic words. It's a matter of having enough information to alert the district court to what the movement wants, what they're seeking to have happen. And I think counsel put it well on the other side just now. She said that the person needs to explain what happened, explain why it's late, explain why they didn't receive notice. And so that happened in Young. He said, I didn't receive this because I was in psych and I was in segregation. But he didn't actually ask for an extension in Young, did he? I don't believe he used those words, Your Honor. I haven't looked at the actual order, but based on the language and the opinion, I don't believe he made an explicit ask for an extension. And I acknowledge that that explicit ask is missing in this case, but it also is missing any sort of explanation. It's missing anything to alert the district court, this is a motion that I need to rule on before the case goes up to the Sixth Circuit, that this is actually a motion asking for more time. In fact, in the prior case that's citing Martin, there's actually a footnote in that case that says, I believe it's footnote four, that actually says, it's not a requirement, but if district courts receive a notice that they know is late, they really should be doing something to tell the losing party that that notice is late and they need to take some sort of action. So I think, sort of similar to that, the person needs to ask for something to happen. Well, I'm curious on a practical front. I mean, this case has had me wondering whether we have the right approach. We have this thing where, in a setting like this, I think it happened in this case, we sent a pleading that says, tell us why we shouldn't dismiss your case for lack of jurisdiction. Well, that whole process gets you past the 14 days. So it's really problematic. I feel like what we should be doing is seeing these the minute they come in, and we can send something that says that, but at the same time we should say, by the way, you only have 10 more days if you want to protectively file another notice of appeal. Because the 14-day period is so short, you just don't quite know what administratively is the right way to do this. It is relatively short, Your Honor. I mean, that is set by statute, so there's not really any changing that. And I don't disagree if this Court feels they need to sort of do more to help things along. You know, I don't necessarily have an opinion on that. But I do think you can see why his notice was not a motion, because we have a motion from him, and we have his response to this Court's show cause order. So we know he knows how to do this. Now, maybe it's a matter of telling him that this type of thing needs to happen. I don't know. But the fact is his notice, his original notice that the District Court construed, was not enough. It didn't look like his eventual motion and his response to the show cause order in this case. And then we get to the issue of whether a new notice of appeal was required. I know, Judge Bush, you pointed out the language from the District Court that says, you know, the June 1st notice of appeal is timely. But even that strikes as a little ambiguous, whether that is telling the losing party, the movement, that they don't need to file anything new. I don't know that it tells them that they do, in fact, need to file something new. But as the Parrish case says, the very notion of reopening means that the previous period closed, and you need to file something new because you're now in a new period. Remind me, again, back to practicalities. Remind me how this, so you get the, we send it back to the District Court. The District Court says I construed as a motion to reopen, and I'm now, it is a motion to reopen, and I grant it, and I'm now dignifying the whatever June 1st notice of appeal. Am I right that the case then disappears into a black hole for a year? That's absolutely correct, Your Honor. Yes. So that's on us a little bit, but it also illustrates a confusing feature of this, of when you start dignifying documents that say one thing is something else, it gets a little hard to figure out what to do next. I think that's exactly right, Your Honor, that he needed to do something to convey that this case is now moving back to this court. The District Court didn't know to move the case back to the Sixth Circuit because they didn't have anything. They didn't have a notice of appeal that would trigger that transfer. Well, I mean, they had a notice of appeal. The District Court had a notice of appeal and acknowledged it, and I don't think that Winters can be blamed for the paper error. I think it would have been a simple matter to transmit it to the court. So, Your Honor, the problem is that the District Court— I assumed it was transferred. Was it not transferred? If I'm being honest, Your Honor, I really am unaware if it was or was not. I'm not aware of the particulars of how the case is transmitted from the District Court to this court. But it seems, as you say, it sort of fell into a black hole because we're not really sure what happened, given that Mr. Winters had to file a letter with this court asking, you know, what's going on with my case. So let's go back to—I guess I'm following up on Judge Bush's— I think the hardest question for you, accepting Young and Martin is controlling, is that neither in Young nor this case is there something that says extension or something like extension. There's nothing that says reopen or something like reopen. And all there is in Young that's different is a lot more discussion of why now. But it seems funny to distinguish the two cases on that basis because I do feel like the Notice of Appeal does explain the why now because it says, I just got it. I feel like that is consistent with liberally construing. So what I'm puzzled by—I mean, to me, your best argument is there's nothing that, in my view, gestures towards reopening. It just doesn't do that. But it sounds like that's true in Young. That he did not ask for an extension.  I believe— Is it easier to imply extension requests than it is imply reopening requests? Is that the way this case turns? I don't know that that's the case, that it's easier to do one versus the other. But I think— Well, imply. It's always implied, right? Because no one's being explicit. So we're in implication land. Right. I think the problem is that Young had sort of explanations to go with his notice and Winters is lacking that explanation. He has a statement of when he received it, but that's it. We have one sentence stating when he received it. He's not— Just add a couple sentences. And my uncle was sick and I hadn't been feeling well. That's the distinction in the— That's our line? Poor clerk's office. How was his uncle? How was his uncle during the period? It just seems so funny to have these other extraneous things make such a difference. I don't think it's extraneous, though, Your Honor, because, like I said, as we see from his response to the show cause and his actual motion, he had more information in there. And it wasn't fluff. It wasn't just, you know, more lines to tell the court, oh, there's something more here than a notice. But I do think that helps. I do think that is something that can help the district court and the clerk's office understand that this isn't just a notice. It's not just something to send the case from the district court to the sex worker. It's asking— The line is bare bones versus not bare bones. Martin is bare bones. There's not enough. And Young is not bare bones. And the question is whether this is bare bones. I think that's right. The question is whether it's simple in the terms that Martin put it. As I understand this case, we didn't send it back. Winters filed his own motion in the district court. It wasn't remanded, Your Honor. The previous appeal was dismissed, and at the end of the order it said, you know, that Mr. Winters needs to seek reopening, if at all, in the district court. Well, I think it said only the district court can do it. But in any event, so then it comes before the district court, and the district court decides that there was enough in the June 1st notice that it was going to treat it as a motion to reopen. How do we review that? Does the court have any discretion? Are we going to review every single—every instance where a judge treats a paper like this as a motion? Or is there some discretion? Well, Your Honor, there is discretion because the standard of review here is an abuse of discretion. So our position is that the discretion was abused in this case because the district court improperly applied the law in construing this notice as a motion to reopen because, as Judge Sutton put it, this is still bare bones. This is more like Martin, less like Young and Rio. May I ask one more question? Yeah. I want to ask about Chief Judge Sutton's question to your opposing counsel about could we go avoid this jurisdictional question by just addressing the certificate of appealability question, or do we have to address this in order to get to the other? Your Honor, I'm not entirely sure that I'm fully prepared to answer that question in terms of research and things like that. Well, we're not. We're barely prepared to ask it. I don't even know. Is there a pending COA? No, Your Honor, there is no pending COA. But we could—go ahead. I'm sorry. We've got lots of ignorance. Go ahead. I apologize, Your Honor. The district court denying a COA reaffirmed that denial in the order reopening. And so this is a preliminary question about jurisdiction. And if this court determines that it does have jurisdiction, then Mr. Winters can file a motion in this court for a certificate of appealability. That's at least the procedural posture that we're in. And we wouldn't—so there's really no way— I mean, that would be aggressive, looking at what he filed in the district court. I don't know, Your Honor, because sometimes, as I understand it, sometimes this court will construe a notice of appeal as a request for a certificate of appealability. In terms counsel just put it, that might be a can of worms. Look at the can of worms you opened. It's six functions. This is a COA. Bingo. Bingo. We got it. But I would maintain, Your Honors, that even in that circumstance, the petitioner really should be putting more in for a request, even for a COA, because that certainly requires a level of specificity that this notice would be lacking. But for all these reasons, Your Honors, and those taking our brief, we ask this court to find that it lacks jurisdiction and to dismiss this appeal. Okay. We'll hear rebuttal. Thank you, Your Honor. Just to start on the COA point, it's correct that the district court denied a certificate of appealability. This court's practice stated in its letter initiating each appeal is that no motion for a certificate is required. I believe it's right that a certificate of appealability is a jurisdictional requirement. It is right that notices of appeal and certificates of appealability requests regularly serve double duty. I believe the precedent in this court is McMillan on that point. But we would encourage the court to decide... But just pause, and I'm embarrassed I don't know this. I would have guessed that normally there is still a new certificate of appealability. In other words, like the normal practice would be, okay, it was denied below, I'm going to rewrite it a little bit. Or is the normal practice, no, just resubmit, or in the setting in which we treat a notice of appeal as a certificate of appealability, we just look through to the one that was filed in the district court? I'm not sure whether most people usually file a motion. We have requested in our opening brief for the chance to brief that issue before the court rules on it, and we would encourage the court to reach the jurisdictional notice of appeal question first to provide guidance to the lower courts on this unresolved question of jurisdiction. Chief Judge Sutton, I wanted to return to your question in my principal time, asking what is our rule, because I didn't have a chance to fully answer that. Our rule is essentially what you said, that the notice of appeal or the filing has to explain why now. It has to explain the basis for relief. In Young, that took a little bit longer, because he had to explain good cause, he had a more detailed story about how he was in a certain unit and what the restrictions were in that unit. That was what was necessary here, in Young rather, and what's necessary here is to explain he didn't receive the notice in time. He didn't receive the notice until the date that he specified. I believe it was May 18th, and that tells the court that this is filed within 14 days and it's a request to be able to. Why can't, I think it looks more like an A5 request. I mean, if I'm in the land of one document serving two functions, and I don't know whether it's late, I don't know any dates, I probably would think this looks more like a Young A5. I don't think that's right, Your Honor. It certainly is good cause that he didn't receive it in time, but Rule 4A.6 specifically speaks to when someone doesn't receive the notice of an order in time, and it is exactly for this situation. So I do think it looks more like a Rule 4A.6 motion. Mr. Shimkus said that Mr. Winter's notice looks more like the notice in Martin. We don't think that's true at all. In Martin, it was just a form notice of appeal. He checked the box, I would like to appeal. He checked the box for I would like to appeal the judgment, and there was no additional explanation in here. We do think he provided the critical piece of information, which is when he received notice of the judgment. You also asked whether the appeal was transferred after the granting of the Rule 4A.6 motion. There's nothing on the docket between the granting of the motion and when Mr. Winter filed an inquiry. On our docket? On either docket, as far as I'm aware. I'm not sure the internal mechanisms that are in play there, but that's what's on the docket. For the coordination point, I think another reason it would be helpful to answer the jurisdictional question in this case is to provide guidance to district courts on what to do in that situation, because the court does with regularity remand cases with late notices of appeal for the district court to consider whether it could be a Rule 4A.5 or Rule 4A.6 motion. So it would be helpful to have guidance on what to do if the district court decides to grant the motion in that circumstance. I take it you wouldn't be troubled, whichever way we ruled, having a paragraph about the value of the Rules Committee looking at this. Because the Rules Committee is not unresponsive to these, whether it's prisoner filings or pro se filings. I mean, if you just look at the history, it's like every few years they add something to accommodate just this type of problem. And the benefit of rulemaking here is they can avoid the problem of, you know, you fix one thing and then it mushrooms into something else. So, I don't know, there's no reason you would have a... I can't imagine you objecting to that, but it does seem like the better answer to the case. I see my time has expired. We wouldn't have any objection to calling it to the Rules Committee's attention. Certainly, Your Honor, particularly if the court rules against us, since that would create a circuit split with the 9th, 10th, and 11th Circuits, which would be well deserving of the Committee's attention. So we would ask the court to rule that it has jurisdiction and to allow Mr. Winterstein to brief the Certificate of Appealability question. Thank you. Okay. Thanks to both of you for absolutely terrific briefs, great argument, answering our questions. We really appreciate it. And Ms. Welch, Mr. Winterstein had a very lucky day when you were appointed. So thank you for a great job, and, you know, it's really significant to do these court-appointed arguments. They really help us, and obviously they're of great value to the party. So thanks very much. We appreciate it. The case will be submitted, and the clerk may call the next case.